# Dilworth *versus* Bradner *et al.*.

1. Where a party makes false representations of his solvency to induce credit, although at the time when made he believed them to be true, he is not liable to an action of deceit, and the state of his belief is a question for the jury.

2. It was erroneous for the court to say that the jury must decide whether the party making such representations had *reasonable grounds* for his belief that they were true.

October 11th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county* : Of October and November Term 1877, No. 229.

Action on the case for deceit, by Bradner & Hartman, against William Dilworth. The plaintiffs, in their declaration, averred that the defendant had falsely and deceitfully, and for the purpose of defrauding plaintiffs, alleged " that he was good and solvent, and able to pay for what he bought."

Dilworth, the defendant, was for many years extensively engaged in the lumber business. In the year 1875 he was the owner of large amounts of real estate, situated in different parts of the city of Allegheny, in the counties of Jefferson, Forest and Clarion, in West Virginia, and in Michigan. In July of that year he bought a bill of lumber from Bradner & Hartman, and, in answer to questions put to him by one Willey, plaintiffs' agent, stated that he was solvent, and able to pay for the lumber ; that he was as good as any of the persons named by Willey as having made bids for the lumber. The lumber was sold to Dilworth on a year's credit, and he gave a note for the amount. Willey did not demand security, nor did he ask Dilworth whether he was indebted to any one. The sale was consummated on or about the 10th day of July, and on the same day the note in payment was given. On the 17th day of August of the same year, Dilworth filed his voluntary petition in bankruptcy, showing a large indebtedness, and that his real estate was, in most instances, mortgaged. He subsequently offered those of his creditors who were unsecured, including the plaintiffs, twenty-five cents on the dollar. On the trial the plaintiff showed the foregoing facts, and rested.

The defendant testified, that at the time he bought the lumber he

[Dilworth *v.* Bradner.]

considered himself perfectly solvent; that while he owed large sums of money, he owned many large and valuable tracts of real estate, which, in his opinion, exceeded in value all that he owed. He also testified that he was compelled to go into bankruptcy unexpectedly, by reason of failing to sell a valuable lot to the Allegheny Gas Company for the sum of $65,000—a sale that he had fully expected to make, and which would have paid off the mortgage against that lot and given him cash enough to meet certain notes that were about to fall due; that he was advised to go into bankruptcy, in order to prevent judgments being obtained by some creditors to the detriment of others; that he desired to return the lumber to the plaintiffs, but that his attorney advised him that such a course would not be legal.

The first point of defendant, which the court, Collier, J., refused, was as follows:—

Under the pleadings and evidence, the plaintiffs have failed to make out a case of fraudulent intent on the part of the defendant, and the plaintiffs are not entitled to recover.

His fourth point was:—

That if the jury believe that the defendant, at the time of using the statements attributed to him, really believed himself to be solvent, then his subsequent bankruptcy and insolvency, as matters of fact, do not avail to make the defendant liable in the present action, and their verdict should be for the defendant.

To which the court answered: " Affirmed, with the qualification that if he really believed himself to be solvent upon reasonable grounds, then he would not be liable."

The verdict was for plaintiffs for $6057.81.

The defendant, after judgment, took this writ and assigned for error, *inter alia*, the qualification of the court in the answer to his fourth point.

*George Shiras, Jr.*, for plaintiff in error.—A man who believes what he says is not chargeable with bad faith, and the state of his belief is a fact for the jury. Sincerity of belief, however apparently unfounded, is unmixed matter of fact; and if it were not the test, every recommendation would be a guaranty: Bokee *v.* Walker, 2 Harris 142; Graham *v.* Hollinger, 10 Wright 56; McAleer *v.* McMurray, 8 P. F. Smith 126; Foster *v.* Charles, 6 Bing. 396; Meyer *v.* Amidon, 45 New York 169; Haycraft *v.* Creasy, 2 East 92.

*J. W. Over*, for defendants in error.—Can a man recklessly represent himself to be solvent and safe to be trusted, and thereby obtain credit, and then when the representations prove to be false, and it is evident that he was in a situation to know and should have known they were false when made, shield himself by saying, I

[Dilworth *v.* Bradner.]

believed I was telling the truth ? Is not the deceit practised on the person relying on the representations as effectual, and the injury he sustains as great as if the party knew the representations were false when made ? The party making the representations being in a situation where it was his duty to know, and where he could have known the truth or falsity of them, should make them good if acted on as in this case. A man who asserts what he does not know is guilty of duplicity, though he happen to assert the truth, and whatever the motive, he is not the less dishonest: Bokee *v.* Walker, *supra ;* Kerr on Fraud 84.

It is not, however, necessary in order to constitute fraud that a man who makes a false representation should know it to be false. It is enough that it be false if it be made recklessly, without an honest belief in its truth, or without reasonable grounds for believing it to be true : Kerr on Fraud 53, *et seq.*

If the means of information are peculiarly or exclusively within reach of the person making the representations, and he pretends to know the truth of the matter, he must be taken to warrant his knowledge of the fact, and his want of knowledge constitutes a fraud : 2 Addison on Torts, §§ 1175, 1177, 1184.

Mr. Justice SHARSWOOD delivered the opinion of the court, October 22d 1877.

We find no error in the refusal of the court below to charge as requested in the defendant's first point, and the error in the charge is not properly assigned.

But we are of opinion that the defendant was entitled to an unqualified affirmance of his fourth point, and that the qualification added by the learned judge was erroneous, and the second assignment of error must therefore be sustained.

This was an action to recover damages for a false and fraudulent representation by the defendant of his circumstances, by which the plaintiff had been induced to give him credit. The rule which must govern in such an action has been stated with great precision by Chief Justice GIBSON in Bokee *v.* Walker, 2 Harris 139. That was the case of a representation of the circumstances of a third person, but there is no distinction between such a case and this, as to the rule of decision, though of course the jury may be expected to make a difference. A man knows his own circumstances better than those of his friend or neighbor, and if hopelessly insolvent it will not always be easy to convince a jury that he believed himself to be solvent. They will more narrowly scrutinize his conduct to arrive at a conclusion as to the sincerity of his belief. But men often are very unreasonable in the estimate they form of the value of their property, and yet are very honest in their opinion. It would introduce a new and very dangerous element into the question to say that the jury must decide whether the

[Dilworth *v.* Bradner.]

defendant had reasonable grounds for his belief. "In an action for deceit," says Chief Justice GIBSON, "the jury have to deal with a question of good faith, and if they are satisfied that the defendant believed his own story, it is their duty to find in his favor." "A man who believes what he says is not chargeable with bad faith, and the state of his belief is a fact for the jury." "Sincerity of belief, *however apparently unfounded*, is unmixed matter of fact; and, if it were not the test, every recommendation would be a guaranty." We have been referred to no subsequent case which at all qualifies the principle thus announced. On the contrary, in Graham *v.* Hollinger, 10 Wright 55, where it would seem the defendant had suppressed the fact that he held himself a judgment bond against the person recommended, Mr. Justice STRONG said: "If the representations made were false and yet were honestly believed to be true, and if the existence of the judgment bond was not mentioned from thoughtlessness and without intention to deceive, the liability of the defendant for damages was not made out." "It may be that the defendant could hardly have been mistaken, but whether he was or not was for the jury."

Judgment reversed, and *venire facias de novo* awarded.